TAGGART (STANSBURY v.). See Case No. 13,292.

---

## Case No. 13,725.

### In re TAGGERT.

[16 N. B. R. 351.] [1]

District Court, N. D. New York. Aug. 21, 1877.

BANKRUPTCY — DISCHARGE—PROPORTION OF DEBTS TO ASSETS—AMOUNTS PAID TO LIEN CREDITOR.

1. Payments to judgment creditors who have secured their liens by execution levies are not to be deducted from the gross amount realized by the assignee before ascertaining whether there is the requisite per cent. of assets to entitle a voluntary bankrupt to a discharge.

2. The term assets includes all property of every kind and nature, chargeable with the debts of the bankrupt, that come into the hands of and under the control of the assignee; and the value thereof is not to be considered a less sum than that actually realized out of said property, and received by the assignee for it.

By CHARLES N. BIXBY, Register:

George H. Taggert, the bankrupt, has petitioned for his discharge, and none of his creditors appeared in opposition thereto, upon the day to show cause, January 30, 1877. The number of creditors who proved and filed debts against the estate of the said bankrupt, and who were duly notified by the clerk of the hearing on said 30th day of January, 1877, was eighteen; though, prior to the dividend, in said matter, one other creditor duly proved and filed his debt, in the sum of two hundred and ninety-four dollars and eighty-six cents, and the computation here made includes said debt and creditor. The bankrupt resides in the town of Lawrence, in St. Lawrence county, in the Northern district of New York. No assent of creditors to the discharge of the said bankrupt had been filed herein, on said day to show cause. Since that time, the assent of three of said eighteen creditors has been filed with the register, which three creditors represent, in value, one-third of the indebtedness of the said bankrupt, but not one-fourth in number of his creditors; and the right of the said bankrupt to receive his certificate of discharge depends upon whether there is a sufficiency of assets to entitle him to such certificate. The whole sum of money actually received by the assignee herein was the sum of four thousand two hundred and forty-three dollars and eighty-seven cents; and the total amount of debts proved amounted, on the 21st day of December, 1876, the day of adjudication, to the sum of six thousand nine hundred and thirty dollars and twenty-five cents, thirty per cent. of which is two thousand and seventy-nine dollars and seven cents. The assignee herein paid out the said four thousand two hundred and forty-three dollars and eighty-seven cents so received by him as aforesaid, in the manner following:

---

Upon order of the court herein, to satisfy and pay the debts of certain judgment creditors, who had sued the said bankrupt, perfected judgment, issued executions, and levied upon his personal property before the petition in bankruptcy herein was filed ....................... $2,737 39

His commissions and disbursements were .......................... 606 74

He paid to the said nineteen creditors upon a dividend of $0.12972+.... 899 74

Making the said .............. $4,243 87

That there was a sufficiency of assets to entitle him to a discharge—the requisite thirty per cent.—there can be no doubt, if, in the computation to ascertain what the per cent. of assets was, we are to treat and consider all the moneys realized out of the property of the said bankruptcy estate, real and personal, and received by the assignee, as assets. Thirty per cent. of the debts proved, and thirty per cent. of the debts, costs, etc., paid by the assignee, upon order of the court, as above stated, amounts to two thousand nine hundred dollars and twenty-eight cents, which is one thousand three hundred and forty-two dollars and eighty-nine cents less than the sum actually realized out of the said estate, and received by the assignee. Had the judgment creditors not been more diligent in collecting and securing their debts than the other creditors, but, instead, had proved their debts as the other creditors did, and the entire receipts of the assignee, less his commissions and disbursements, been distributed and paid to all the creditors pro rata, they would have, each and all, actually received and been paid a dividend of over thirty-eight per cent. The entire indebtedness was nine thousand six hundred and sixty-seven dollars and sixty-four cents, and the assets actually received by the assignee amount to forty-three per cent., and over, of such indebtedness.

As the law now is, by virtue of divers decisions of the courts, the levies made upon the property of the bankrupt, by the proper officer, by virtue of executions, duly issued, were no doubt liens upon his estate, and therefore the debts of said judgment creditors become secured debts; and the question here arises, should the secured debts be paid, and the amount of the payment thereof be deducted from the gross amount received by the assignee, before the amount of assets to be compared with the thirty per cent. of the indebtedness proved can be ascertained? I find no decision in point, upon the question made, since the amendment of the bankrupt act of June 22, 1874 [18 Stat. 178]; but there are several cases reported prior to that date, when the law was that the assets of the bankrupt must be equal to fifty per cent., instead of thirty per cent., as the law now is. In re Kahley [Case No. 7,594], defines or explains the term "assets," not to express the "net

---

[1] [Reprinted by permission.]

balance to be divided among the creditors, but to mean the entire estate of the bankrupt irrespective of the use to which it may be appropriated by the court." In re Van Riper [Id. 16,874], "held, that the word 'assets' must be considered to mean money received by the assignee;" and in this case there was an insufficiency of assets to grant a discharge because the assignee did not realize out of and receive for the property of the bankruptcy estate the sufficient amount. In re Vinton [Id. 16,951], is an authority much at variance with the above two cases cited; but the doctrine there laid down would do injustice to the bankrupt, Taggert, in this case, and in my opinion does not accord with the spirit and intent of the bankrupt act [of 1867 (14 Stat. 517)], and its several amendments. In re Lincoln [Case No. 8,353], seems to be a case more analogous to the present one of Taggert, bankrupt, than any that I have found. In this case, the total amount realized out of the bankruptcy estate was not a sum equal to the requisite fifty per cent.; but, upon the hearing, upon the order of reference before the register in charge, proof of the value of the property of the said bankrupts, at the time of their failure, was made, showing that the value thereof then was more than the requisite per cent.; and the opinion of the register, as expressed in this case, was that when the bankrupt had acted in good faith, and performed his duty under the bankrupt law, that he should have his certificate of discharge, if, at the time he filed his petition in bankruptcy, he was possessed of property fairly worth the requisite per cent. of his indebtedness upon which he was liable as principal debtor; and in this case the property sold for, and much less was realized from its sale, than the requisite per cent.

The law of 1874 relating to the question under consideration reads as follows: "And in case of voluntary bankruptcy, no discharge shall be granted to a debtor whose assets shall not be equal to thirty per centum of the demands proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number, and one-third in value." I do not think that the term "assets" in the law of 1874, has a different or other meaning than it had at the time the decisions cited were made; and in my opinion, to give it a practical and common-sense definition, it means all the property, of every name, kind and nature, chargeable with the debts of the bankrupt, that come into the hands of, and under the control of the assignee in bankruptcy, by reason of the said property having ever been owned by, and in the possession of the said bankrupt; and the value thereof, or the amount thereof, ought to be considered a sum not less than the sum actually realized out of said property, and received by the assignee for it. And, in the course of events, after the filing of the petition in bankruptcy, many things might occur to deteriorate the value of the property, or destroy it, before it could be converted into money, so that the spirit and intent of the bankrupt act, as amended, would not be carried out; and great injustice might be done to the bankrupt, if the amount of assets be confined to and estimated to be the sum actually realized and received, as the case above cited (In re Lincoln) plainly illustrates. In the case of Taggert, bankrupt, before me, to estimate the amount of his assets to be the amount of money actually realized and received by the assignee for the property which came into his hands as such assignee, would, in my opinion, be but simple justice to the bankrupt, there being no evidence that the said property was worth any more.

Upon the consideration of the interpretation of the meaning of the term "assets," in the bankrupt act, as explained and defined in the cases cited; and the further consideration that the amount of moneys realized out of the property which came into the hands of the assignee, as such, and actually realized by him, was more than thirty per cent. of his entire indebtedness, which was proved and paid upon the orders of the court, as above stated: and also the further consideration that the bankrupt has, for aught that I know, acted in good faith, and performed his duty under the act, and its amendments. I am of the opinion that he should have his certificate of discharge. And therefore I make the accompanying certificate of conformity, and recommend that George H. Taggert, the said bankrupt, be discharged as the law provides.

WALLACE. District Judge, granted a discharge on the 18th of September, 1877, but wrote no opinion.

---

TAGGERT (BATTEN v.). See Case No. 1,-107.